FILED

OCT 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARNELL DUKES,

                Plaintiff - Appellant,

  v.

V. LIZAOLA; et al.,

                Defendants - Appellees.

No. 11-16944

D.C. No. 3:10-cv-00864-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

    California state prisoner Darnell Dukes appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force

and deliberate indifference to his serious medical needs.  We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *White v. Roper*, 901 F.2d 1501, 1503 (9th Cir. 1990), and we affirm.

The district court properly granted summary judgment on Dukes' handcuffing claim because Dukes failed to raise a genuine dispute of material fact as to whether defendants acted "maliciously and sadistically for the very purpose of causing harm" by handcuffing Dukes behind his back following an altercation. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).

The district court properly granted summary judgment on the basis of qualified immunity on Dukes's pepper spray decontamination claim because it would not have been clear to reasonable prison officials in defendants' position that the decontamination would amount to deliberate indifference. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (an official is entitled to qualified immunity if the "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (citation and internal quotation marks omitted)); *Clement*, 298 F.3d at 904 ("'Deliberate indifference' is evidenced only when 'the official knows of and disregards an excessive risk to inmate health or safety. . . .'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Defendants' motion to strike is denied as moot.

**AFFIRMED.**